IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| **TAMMY GAUF, as Administratrix of the Estate of James Curtis Gauf,** | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action Number |
| vs. | ) ) ) | **6:05-cv-2419-UWC** |
| **LIEBHERR-AMERICA, INC., et al.,** | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

On May 7, 2007, Co-Defendant Liebherr-Hydraulikbagger ("LHB"), filed a Motion for Summary Judgment. (Doc. 49.) This Court finds that a genuine issue of material fact exists with respect to the due diligence of Plaintiff in effectuating service and amending her complaint. For the reasons that follow, Defendant's motion is due to be DENIED. However, because discovery in this case has been re-opened, LHB may continue to pursue discovery until May 30, 2008.

**I. FACTUAL BACKGROUND**

The above-styled action arises out of an April 19, 2004 accident, in which James Curtis Gauf was fatally injured while working alongside a crane that was

allegedly manufactured by LHB and sold by LAM.  (*See* Comp., Doc. 1; *see also* LAM's. Mot. for Summ. J., Doc. 33 at 1.)  Specifically, Mr. Gauf was injured while attempting to mount the stairs of a Liebherr model excavator outfitted for handling scrap metal.  (LHB's. Mot. for Summ. J., Doc. 49 at 2.)  While the machine was allegedly either operating or idling, Mr. Gauf mounted the machine's steps and was crushed between the machine's upper carriage and stationary lower-carriage as the upper carriage rotated counter-clockwise.  (LAM's. Mot. Summ. J., Doc. 33 at 3.)  The Liebherr model excavator was designed and manufactured by LHB and sold by LAM.  (LAM's. Mot. Summ J., Doc. 33 at 8.)

      Plaintiff filed the action in Walker County Circuit Court alleging claims for workers compensation, products liability claims under the Alabama Extended Manufacturers Liability Doctrine ("AMELD"), breach of warranty, failure to warn, and negligence / wantonness.   In her complaint, Plaintiff named as a fictitious "Defendant No. 2" the "corporation . . . who . . . manufactured [and] designed . . . [the subject crane]."  (Comp., Doc. 1.)  LAM removed the case to this Court on November 22, 2005.  At the close of discovery, LAM filed its Motion for Summary Judgment as to all of Plaintiff's claims on March 29, 2007.  Shortly thereafter, on May 7, 2007, co-defendant LHB filed its Motion for Summary Judgment (Doc. 49) (which forms the basis of this opinion) and Plaintiff responded on June 20, 2007.  LHB filed its reply (Doc. 53-1) on June 27, 2007.

In LHB's Motion for Summary Judgment, LHB essentially claims that Plaintiff failed, under Alabama law, to exercise due diligence after the statute of limitations had expired in amending her complaint to name LHB as the fictitious defendant. (*See* LHB's Mot. For Summ. J., Doc. 49 at 7.) Furthermore, LHB claims that Plaintiff failed to exercise due diligence in perfecting service upon LHB pursuant to the guidelines of the Hague convention for service upon international defendants. *Id.*

## II. CONTROLLING LAW

In diversity actions, substantive issues of law, including statutes of limitation and relation-back rules, are governed by the law of the forum. *See Saxton v. ACF Industries, Inc.*, 254 F.3d 959, 963 (11 Cir. 2001). Accordingly here, Alabama law requires that all wrongful death actions must be brought within two years of the death of the decedent. ALA. CODE § 6-5-410 (1993 Repl. Vol.). However, when a Plaintiff seeks to amend her complaint after the expiration of the applicable statute of limitations to substitute an actual defendant for a fictitious defendant, she must invoke that forum's relation-back rules. An amendment relates back when: (1) the original complaint adequately described the fictitious defendant; (2) the original complaint stated a claim against the fictitious defendant; (3) the plaintiff was ignorant of the true identity of the defendant; and (4) the plaintiff used *due diligence* to discover the defendant's true identity. *See*

*Saxton*, 254 F.3d at 964-65 (emphasis added).

## III.  ANALYSIS

In its Motion for Summary Judgment, LHB contends that on March 2, 2006, 48 days before the expiration of the statute of limitations, Plaintiff learned of LHB's identity.  (Doc. 49 at 2.)  LHB further contends that on August 15, 2006, which was 118 after the expiration of the statute of limitations, Plaintiff filed her motion for leave to amend her complaint to substitute LHB as the actual defendant.  Plaintiff amended her complaint on October 13, 2006.  Moreover, on April 27, 2007, which was 373 days after the expiration of the statute of limitations, LHB received service of process, pursuant to the Hague Convention on the Service of Legal Documents Abroad.  *Id*.

This Court fully understands and recognizes the above-mentioned Alabama and federal law regarding the relation back of plaintiff's amendment to her complaint.  Because of the delay involved in service upon the defendant and plaintiff's amending of the complaint, this Court recognizes that a reasonable fact finder could find that plaintiff did not exercise due diligence; however, another reasonable fact finder could find that plaintiff did exercise due diligence given the circumstances of the case.  Accordingly, on the record presently before the Court, genuine issues of material fact exist as to plaintiff's due diligence and, thus, as to whether plaintiff's claim against LHB should be allowed to relate back to the date

of the original filing. Therefore, LHB's motion for summary judgment is due be denied.

However, because LHB has clearly not had as much time to pursue discovery in this case as the original defendant, LHB is due to continue discovery until May 30, 2008.

By separate ORDER, it shall be done.

Done the 30th day of November, 2007.

_____
U.W. Clemon
United States District Judge