IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **TAMMY GAUF, as Administratrix of the Estate of James Curtis Gauf,**  )<br>)<br>)<br>)<br>     Plaintiff,   )<br>)<br>**vs.**   )<br>)<br>**LIEBHERR-AMERICA, INC., et al.,**   )<br>)<br>)<br>     Defendants.   ) | Civil Action Number<br>**6:05-cv-2419-UWC** |

## MEMORANDUM OPINION

Presently before the Court are LHB's Motion to Compel (Doc. 65), Plaintiff's Motion for Leave to Submit Out of Time (Doc. 64), LHB's Motion in Opposition to Plaintiff's Motion for Leave to Submit Out of Time (Doc. 67), and LHB's Amended Motion to Compel (Doc. 69.) For the reasons that follow, LHB's Motion to Compel (Doc. 65) is due to be deemed MOOT; Plaintiff's Motion for Leave to Submit Out of Time (Doc. 64) is due to be GRANTED; and LHB's Amended Motion to Compel is due to be GRANTED in part and DENIED in part.

## I. FACTUAL BACKGROUND

On May 7, 2007, Co-Defendant Liebherr-Hydraulikbagger ("LHB"), filed a

Motion for Summary Judgment (Document 49) on November 6, 2007, this Court found that a genuine issue of material fact exists with respect to the due diligence of Plaintiff in effectuating service and amending her complaint (Doc. 59.) In its order denying summary judgment, however, this Court further ordered that LHB may continue to pursue discovery until May 30, 2008.

Parties are now engaged in a discovery dispute. On December 14, 2008, LHB served upon Plaintiff's counsel its request for admission and interrogatories. Plaintiff ultimately responded on January 25, 2008, some fourteen days after the responses were due. LHB took issue with the sufficiency of some of the answers, specifically those inquiring about plaintiff's counsel's due diligence, and sent numerous letters requesting Plaintiff to amend the answers. (LHB's Mot. to Compel at 2.) Plaintiff's counsel amended their answers to the requests for admissions on February 12, 2008; however, they made no indication that they would answer a corresponding interrogatory over objections. (*Id.* at 3.)

In its Motion to Compel, LHB argues that because Plaintiff's counsel failed to timely answer the requests for admission, they should be deemed admitted by operation of law. Alternatively, LHB argues that because Plaintiff's counsel failed to timely object to the requests for admission and the corresponding interrogatory, the objections should be deemed waived and Plaintiff's counsel should be required to answer over the objections. (*Id.*) Lastly, LHB claims that the objections are meritless and Plaintiff's counsel should be required to answer them anyway.

## II. CONTROLLING LAW

Under Fed. R. Civ. P. 36(a), a request for admissions is deemed admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed" responds either by answering or objecting to the admission. Fed. R. Civ. P. 36(a). Moreover, under Fed. R. Civ. P. 33(b)(6), objections to an interrogatory are waived if not stated in a timely fashion, unless the party's failure to object is excused for good cause. Fed. R. Civ. P. 33(b)(6).

However, if the presentation of the merits of a case will be severely undermined and if the party requesting the untimely admissions fails to show prejudice, the district court has the power to permit the otherwise untimely responses. *See Perez v. Miami-Dade County*, 297 F.3d 1255 (11th Cir. 2002).

### III. ANALYSIS

The present discovery dispute concerns Plaintiff's counsel's tardiness in responding to LHB's Requests for Admissions and Interrogatories and their alleged evasiveness in ultimately answering them. Specifically, LHB complains of the sufficiency of answers to requests nos. B2, B8-B12, B14, B21-B22, B35-B36 and to Interrogatory no. 1. (LHB's Mot. to Compel at 2). All of the above-mentioned discovery concerns the issue upon which this Court's denial of summary judgment turned, that of Plaintiff's counsel's due diligence in effectuating service upon this foreign defendant.

Before discussing the sufficiency of Plaintiff's counsel's answers to these interrogatories, it is necessary to address the fact that Plaintiff's counsel was admittedly fourteen days overdue in answering the discovery requests. This Court

does not favorably advance the cause of justice during the pendency of this case. Plaintiff's counsel has asked for at least three extensions thus far, not to mention the central dispute regarding Plaintiff's counsel's due diligence in serving this foreign defendant. Suffice it to say, no further extensions will be granted in this case.

However, LHB's request that this Court deem the tardy responses as admitted by operation of law simply asks too much. Plaintiff has since produced new responses and attached them to its Memorandum of Law in Opposition to the Motion to Compel. (Doc. 68.) Accordingly, LHB's first Motion to Compel is deemed Moot.

Moreover, Plaintiff's Motion to Submit the Responses Out of Time (Doc. 64) is reluctantly GRANTED, considering the fact that Plaintiff has produced said responses and has arguably cured at least some of the allegedly evasive defects. With respect to LHB's Amended Motion to Compel (Doc. 69), the requests for admission address a dispositive issue in this case; thus, the presentation of the merits of the case will be severely undermined should this Court deem them admitted. *See Perez v. Miami-Dade County*, 297 F.3d 1255 (11th Cir. 2002). Also, LHB has failed to show prejudice. LHB's attempts to show prejudice by pointing to the fact that it will now allegedly be required to depose witnesses on the issue of plaintiff's dilatory behavior are unpersuasive. (Doc. 67 at 5.)

Foremost, this Court firmly believes that LHB's inquiries are more properly suited for a deposition than for a Rule 36 Request for Admission. *Perez*, 297 F.3d

(stating that the inconvenience of having to gather more evidence does not rise to the appropriate level of prejudice). This Court has already deemed this issue as one for the fact finder, *i.e.*, of dispositive import in the case; accordingly, LHB's expression of surprise that depositions might be warranted in this matter strains credulity.

Moreover, this entire dispute runs afoul of the stated purpose of Rule 36 admissions, which are designed to be a time-saving device, in which parties are relived "of the cost of proving facts that will not be disputed at trial." *Id*. at 1268. It is self-evident that these issues will be disputed at trial. Accordingly, LHB's Amended Motion to Compel is hereby DENIED, with one exception. To the extent that LHB requests leave to depose Plaintiff's counsel on the issue of due diligence, that request is hereby reluctantly GRANTED.

This deposition will be held in an appropriately designated room in the Hugo Black Courthouse so that this Court may rule upon any claim of privilege Plaintiff's counsel may assert at the time of deposition. In many of their denials of the requests for admission at issue, Plaintiff's counsel has vaguely asserted the attorney client privilege and/or work product doctrine. In its first Motion to Compel (Doc. 65), LHB convincingly outlined the reasons why neither privilege should apply in this case. Plaintiff's counsel has failed to respond. Accordingly, without anything further from Plaintiff's counsel, this Court agrees with LHB that neither privilege should apply. Upon deposition, therefore, Plaintiff's counsel is reminded that the burden of establishing privilege lies with the holder of the

privilege in Grand Jury Investigation, 723 F.2d 447, 450 (6th Cir. 1983); *see* Fed. R. Civ. P. 26(b)(5).

## CONCLUSION

Therefore, LHB's Motion to Compel (Doc. 65) is due to be deemed MOOT; Plaintiff's Motion for Leave to Submit Out of Time (Doc. 64) is due to be GRANTED; and LHB's Amended Motion to Compel is due to be GRANTED in part and DENIED in part. After conferring with one another, Counsel for both parties shall contact the Court to arrange the above-mentioned deposition.

Done the 6th day of March, 2008.

_____
U.W. Clemon
United States District Judge